UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS WALLACE and KAITLYN BADOUR, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> DELTA AIRLINES, INC., a Delaware Corporation; and ENDEAVOR AIR, a Wholly Owned Subsidiary of DELTA AIRLINES, operating as DELTA CONNECTIONS, a Georgia Corporation, <br><br> Defendants | CIVIL ACTION NO.: <br><br> COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

NOW COME THOMAS WALLACE and KAITLYN BADOUR, individually (hereinafter "Plaintiffs"), and hereby allege against Defendants, jointly and severally, as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this case pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air Montreal, May 28, 1999 (hereafter the "Montreal Convention"), which both the United States of America and Canada have signed and adopted. Specifically, under Article 33(1) and (2) of the Montreal Convention, Plaintiffs THOMAS WALLACE and KAITLYN BADOUR purchased their ticket for the subject flight in this District (and Defendants have a place of business and do business in this District); Plaintiffs, THOMAS

1

WALLACE and KAITLYN BADOUR, boarded the accident flight at Minneapolis-Saint Paul International Airport located in this District; to which Defendants operate services for the carriage of passengers by air. As the Montreal Convention is a treaty of the United States, this Court has subject matter jurisdiction over this case under 28 U.S.C.A. § 1331.

Further, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1332(A)(1). Both Defendants have significant and continuous contacts with the jurisdiction in that Defendant DELTA AIRLINES, INC., operates numerous flights daily from the Minneapolis-Saint Paul International Airport. Defendant ENDEAVOR AIR also operates daily flights from the Minneapolis-Saint Paul International Airport and lists its principal place of business as 7500 Airline Drive, Minneapolis, MN 55450.

**VENUE**

2. Venue in the District of Minnesota is proper pursuant to 28 U.S.C. 1398(a) because a substantial part of the events and omissions giving rise to the claims as alleged herein occurred in this District. Additionally, venue is proper pursuant to the Montreal Convention Article 33.

**PARTIES**

3. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above paragraphs.

4. Plaintiffs THOMAS WALLACE and KAITLYN BADOUR are citizens of Canada and maintains their principal and permanent residence in Canada.

5. Plaintiffs THOMAS WALLACE and KAITLYN BADOUR were passengers on board Delta Airlines Flight No. 4819 bound for Toronto, Canada when it

crashed on February 17, 2025, at Toronto Pearson International Airport (hereinafter "DELTA Crash 4819"). WALLACE and BADOUR suffered, and continues to suffer, from extreme bodily and mental injuries and economic losses as a direct result thereof.

6. Defendant DELTA AIRLINES, INC., (hereinafter referred to as "DELTA") is registered as a business entity duly incorporated in the State of Delaware with an active status. Its principal place of business is 1030 Delta Blvd, Atlanta, GA 30354-1989. Therefore, DELTA is not incorporated in Minnesota, has no principal place of business in Minnesota but is operating and conducting business in the State of Minnesota as set forth below.

7. Defendant ENDEAVOR AIR, is a wholly owned subsidiary of DELTA AIRLINES, is registered as a business entity duly incorporated in the State of Georgia with an active status. ENDEAVOR routinely engages in continuous and systematic business in this District, sufficient to subject it to personal jurisdiction of this Court. ENDEAVOR'S principal place of business is 7500 Airline Drive, Minneapolis, MN 55450. Therefore, ENDEAVOR is not incorporated in Minnesota but has a principal place of business in Minnesota and is operating and conducting business in the State of Minnesota as set forth below.

8. At all material times, Defendants entered into the contracts of carriage with Plaintiffs THOMAS WALLACE and KAITLYN BADOUR and was in control of, and responsible for, their safe transport from Minneapolis, Minnesota to Toronto, Canada.

## **GENERAL ALLEGATIONS**

9. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above paragraphs.

10. On February 17, 2025, Delta Flight 4819 (hereafter "Flight 4819") departed Minneapolis-Saint Paul International Airport at 11:47 a.m. CST for a flight to Toronto Pearson International Airport (hereafter "YYZ"). The aircraft in use was a Bombardier CRJ 900 aircraft, Registration No. N932XJ (hereafter "Subject Aircraft"), with 80 total souls on board, including both crew and passengers. WALLACE and BADOUR were among the passengers on board.

11. This fateful flight did not reach its destination safely. The Delta Crash occurred at approximately 2:13 p.m. (14:13 UTC) on February 17, 2025, when the Subject Aircraft slammed down on Runway 23, near the intersection of Runway 23 and Runway 15, flipping upside down with the right wing and vertical stabilizer detached from the fuselage and causing passengers, including Plaintiffs, to be violently thrown about the cabin and to suffer extreme injuries and emotional distress.

12. The Delta Crash occurred due to the gross negligence and recklessness of the DELTA and/or ENDEAVOR flight crew on Flight 4819, in woeful violation of numerous international and United States airline industry standards and established flight rules. Among an extensive litany of errors and omissions, the Flight 4819 flight crew failed to observe the most fundamental procedures for a landing approach into YYZ, failed to appropriately monitor flight conditions on approach, and failed communicate and react in the cockpit to those flight conditions.

13. Moreover, the flight crew of Flight 4819 was inadequately trained and supervised by DELTA and/or ENDEAVOR and failed to comply with the most rudimentary cockpit resource management protocols.

14. Defendants' failures constituted a gross, wanton, and willful disregard for the rights and safety of all passengers aboard Flight 4819 and needlessly caused injuries and damages to innocent passengers.

**FIRST CAUSE OF ACTION**
**(Montreal Convention Article 17)**

15. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above paragraphs.

16. Pursuant to Article 17 of the Montreal Convention, Defendants DELTA and ENDEAVOR are absolutely liable for damages sustained by Plaintiffs WALLACE AND BADOUR as passengers on Flight 4819, as said injuries and damages occurred while they was on board the Subject Aircraft and/or in the course of the operations of disembarking from the Subject Aircraft.

17. Defendants DELTA and ENDEAVOR were in exclusive control of Flight 4819 and owed non-delegable duties to all passengers for its safe operation at all modes of flight, including the landing approach into YYZ on February 17, 2025.

18. Defendants DELTA and ENDEAVOR breached those duties by failing to observe the most fundamental procedures for a landing approach into YYZ, failing to appropriately monitor flight conditions on approach, and failing to communicate and react in the cockpit to those flight conditions.

19. As a direct and proximate result of Defendants DELTA and ENDEAVOR's acts and omissions that caused the DELTA crash, Plaintiffs were injured and damaged as alleged herein and will continue to suffer from their physical and mental injuries for the foreseeable future.

20. The DELTA crash occurred due to the negligence, wrongful acts and omissions of Defendants DELTA and ENDEAVOR and its servants and agents, and not due to the sole negligence or other wrongful act or omission of any third party.

## SECOND CAUSE OF ACTION
### (Montreal Convention Article 18)

21. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above paragraphs.

22. Pursuant to Article 18 of the Montreal Convention, Defendants DELTA and ENDEAVOR are liable for damage sustained in the event of the destruction of, or damage to, cargo upon condition only that the event which caused the damage so sustained took place during the carriage by air.

23. Defendants DELTA and ENDEAVOR were in exclusive control of Flight 4819 and owed non-delegable duties to all passengers for its safe operation at all modes of flight, including the landing approach into YYZ on February 17, 2025.

24. Defendants DELTA and ENDEAVOR breached those duties by failing to observe the most fundamental procedures for a landing approach into YYZ, failing to appropriately monitor flight conditions on approach, and failing to communicate and react in the cockpit to those flight conditions.

25. As a direct and proximate result of Defendants DELTA and ENDEAVOR's acts and omissions that caused the DELTA crash, Plaintiffs' cargo was damaged as a result of Delta Airlines Flight No. 4819 crash landing at Toronto Pearson Internation Airport, as alleged herein.

26. The DELTA crash occurred due to the negligence, wrongful acts and omissions of Defendants DELTA and ENDEAVOR and its servants and agents, and not due to the sole negligence or other wrongful act or omission of any third party.

### THIRD CAUSE OF ACTION
### (Gross Negligence)

27. Plaintiffs restate and hereby incorporate by reference the allegations of each of the above paragraphs.

28. The DELTA crash occurred due to the gross negligence and recklessness of the DELTA and/or ENDEAVOR flight crew on Flight 4819 and the inadequate training and supervision provided to said crew by DELTA and ENDEAVOR as hereinabove alleged.

29. As a direct and proximate result of Defendants' acts and omissions that caused the DELTA crash, Plaintiffs were injured and damaged as alleged herein and will continue to suffer from their physical and mental injuries for the foreseeable future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

    A.    Damages to be awarded in an amount to be determined at trial, including general, special, and compensatory damages;

    B.    Prejudgment interest;

C.  Costs incurred in bringing this suit; and

D.  For such other and further relief as this Honorable Court may deem proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

Dated: June 2, 2025.                          **CHESTNUT CAMBRONNE PA**

By: *s/ Bryan L Bleichner*
Bryan L. Bleichner (MN#0326689)
Christopher P. Renz (MN#0313415)
100 Washington Ave., South Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
*bbleichner@chestnutcambronne.com*
*crenz@chestnutcambronne.com*

*Attorneys for Plaintiffs Thomas Wallace and Kaitlyn Badour*